UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARRY NASTI, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-1413 |
| | § | |
| STATE FARM LLOYDS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Defendant Dwight Johnson's ("Johnson") Motion for Partial Dismissal (Doc. 7), pursuant to Federal Rules of Civil Procedure 8, 9, and 12(b)(6), of Plaintiff Garry Nasti's ("Nasti") claims against him.  Having considered the motion, the response (Doc. 8), the facts in the record, and the applicable law, the Court concludes that Johnson is improperly joined as a defendant in this matter, and therefore dismisses him from the suit without reaching the merits of his 12(b)(6) motion.

**I.     Background**

This is an insurance claim dispute arising out of storm damage sustained by Nasti's property in June 2012.  Original Pet. ¶ 8, Doc. 1-3.  After the storm, Nasti submitted a claim and demand for payment under his property insurance policy with State Farm.  *Id.*  State Farm assigned Johnson to serve as an independent adjuster, then Johnson, according to Nasti, "conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection."  *Id.* ¶ 10.  Nasti alleges that the consequence of this

investigation was State Farm's underpayment of his claim. *Id.* ¶ 9.

In his Original Petition filed in Texas state court, Nasti asserted causes of action for (i) breach of contract; (ii) violations of the Prompt Payment of Claims Statute; (iii) violations of the Texas Insurance Code; and (iv) violations of the Deceptive Trade Practices Act (DTPA). *Id.* ¶¶ 13–23. While all four claims are made against State Farm, only the latter two—violations of the Texas Insurance Code and the DTPA—are made against Johnson. In removing the action to this Court, State Farm argued that Nasti failed to state any claim against Johnson and thus he was improperly joined. Notice of Removal ¶¶ 10–12, Doc. 1. In his motion to dismiss, Johnson maintains that he was improperly joined for purposes of defeating diversity jurisdiction between State Farm and Nasti. Doc. 7 ¶ 2. In his response, Nasti states that he intends to file a motion to remand based on State Farm's improper removal and argues that Johnson is properly joined as a defendant. Nasti asks the Court to address the issue of subject matter jurisdiction prior to ruling on Johnson's motion to dismiss. Doc. 8 ¶ 2.

## II.     Legal Standard

Federal courts are courts of limited jurisdiction and it is incumbent upon them to continually examine the basis for jurisdiction. *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). "[A] claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012). If at any time it appears that subject matter jurisdiction is lacking, the court shall dismiss the action. Fed. R. Civ. Pro. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The absence of subject matter jurisdiction may be raised at any time or even sua sponte

by the court.  *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

"The 'fraudulent joinder' issue must be seen by the trial courts as presenting a discrete threshold question."  *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 554 (5th Cir. 1981).  Therefore, before the Court can rule on Johnson's motion to dismiss, it must address the issue of improper joinder.  The removal statutes are the starting point for analyzing any claim of improper joinder.  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).  Under 28 U.S.C. § 1441(a), any state court action over which federal courts would have original jurisdiction may be removed from state to federal court.  Under § 1441(b)(2), where original federal jurisdiction would be based on diversity of citizenship, a defendant may remove such an action only if none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  An *improperly* joined party, however, is disregarded in determining the court's subject matter jurisdiction.  *Smallwood*, 385 F.3d at 572.  Improper joinder may be established by showing either (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court.  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).  Whether this showing can be made depends on the plaintiff's pleading at the time of the petition for removal.  *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).  The removing party bears the burden of proving that removal was proper, and all ambiguities are construed against removal and in favor of remand.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

**III.   Discussion**

In this case, State Farm based its petition for removal on the second improper joinder

prong: that Nasti "failed to allege any specific facts that establish a valid cause of action against Johnson." Doc. 1 ¶ 10. Nasti, on the other hand, argues that he has asserted sufficient factual allegations to support his claims against Johnson. Doc. 8 ¶¶ 9–10. The Court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (articulating both a "Rule 12(b)(6)-type analysis" and, when appropriate, a "summary inquiry" that pierces the pleadings "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery"). As explained above, this analysis depends on Nasti's pleading at the time of State Farm's petition for removal. That pleading alleged the following:

> 10. Johnson, an independent adjuster State Farm assigned to adjust the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.
>
> 11. Johnson's unreasonable investigation led to the underpayment of Plaintiff's claim. Johnson misrepresented that part of the damage observed on Plaintiff's roof was not caused by wind or hail, and is thus excluded, and that there are a number of shingles that do not have any damage at all.
>
> 12. Moreover, State Farm and Johnson performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property.

(Doc. 1-3 ¶¶ 10–12). These are the sole allegations offered in support of Nasti's claims for violations of the Texas Insurance Code and the DTPA—claims that are made against both Johnson *and* State Farm.

This Court has previously stated that when an adjuster's actions "can be accomplished by [the insurer] through an agent," the adjuster's actions "are indistinguishable from [the insurer's]

actions" and hence are insufficient to support a claim against the adjuster. *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, No. H-10-1846, 2011 WL 240335, at *14 (S.D. Tex. Jan. 20, 2011) ("Specified paragraphs in the petition are directed to [the adjuster], but for the most party they merely track the statutory provisions, alleging only that [the adjuster] inspected the Property and that he submitted an undervalued repair estimate…These actions can be accomplished by [the insurer] through an agent, and as such, are indistinguishable from [the insurer]'s actions."); *see also Atascocita Realty Inc. v. W. Heritage Ins. Co.*, No. 4:10-CV-4519, 2012 WL 4052914, at *3 (S.D. Tex Sept 13, 2012) (dismissing insured's claims against individual adjusters for conduct undertaken in their capacity as employees and agents of corporate defendants because "such claims are, in essence, claims against the insurer").  This is just such a case, and the result of the analysis is the same, regardless of whether the Court conducts a 12(b)(6)-type analysis or pierces the pleadings to identify specific facts: Johnson's actions are indistinguishable from State Farm's; therefore, no claim can be sustained again him. Thus, the joinder of Johnson was improper, original diversity jurisdiction exists, and the removal of this case was proper.

### IV.   Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendant Dwight Johnson is **DISMISSED** from the action and his Motion to Dismiss (Doc. 7) is **MOOT**.

SIGNED at Houston, Texas, this 19th day of February, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE