UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARRY NASTI, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-1413 |
| | § | |
| STATE FARM LLOYDS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Defendant State Farm Lloyds's Consolidated Motion to Dismiss and Motion for Summary Judgment. Doc 21. Having considered the motion, response, the facts in the record, and the applicable law, the Court concludes Defendant's Motion should be partially granted.

## I.    Background

This is an insurance case arising from alleged storm damage to Plaintiff Garry Nasti's home in The Woodlands, Texas on July 12, 2012. After the storm, Plaintiff was approached by Bill Manley of Mac Roofing, who was offering free roof inspections to storm victims in the neighborhood. Doc. 21-4 at 9:14. Both of Nasti's neighbors on each side already had roofs replaced because of the storm. Doc. 21-4 at 9:21. On October 29, 2012, Nasti reported his claim to State Farm and requested an inspection with Mr. Manley present. Doc. 21-3 at 5. On November 16, 2012, State Farm adjuster Stewart Brown inspected Nasti's roof and reported: "Reviewed 30yr fiberglass shingles for wind and hail damage with Mac's Roofing present. . . . I did find damage that would be consistant [sic] w/ wind damage to the back left slope. . . . Inspected interior gameroom /entry and dining room and found water damage to ceilings." Doc.

21-3 at 4. Brown estimated the covered damage to be $3,107.54, less than the deductible of $6,584.00. *Id.* Nasti requested a reinspection with a different adjuster. Doc. 21-3 at 3. On December 14, 2012, State Farm adjuster Dwight Johnson inspected Nasti's roof and reported: "I inspected the roof with the contractor. My inspection revealed no evidence of storm related damage to the roof system. . . . The Shingle is a heavier 40 year shingle." Doc. 21-3 at 2. Despite finding no storm damage, Johnson did not alter Brown's estimate of $3,107.54 damage. On February 15, 2013, Nasti's expert adjuster Shannon Kimmel inspected Nasti's roof and reported:

> I have visited Mr. Nasti's home and inspected the damage to his roof. There is no question that Mr. Nasti's roof was damaged by the severe wind and hail storm that hit The Woodlands, Texas, in June 2012. . . . I have adjusted thousands of these types of claims for various insurance companies, including State Farm. . . . In my opinion and based on my extensive experience as a former State Farm adjuster, inspections by Stewart Brown and Dwight Johnson were inadequate and unreasonable. . . . Photographs in the claim file clearly prove up covered damages resulting from wind and hail. . . . Mr. Brown's and Mr. Johnson's inspections and Mr. Brown's damage estimate that was essentially rubber-stamped by Mr. Johnson—despite the fact that his findings contradicted Mr. Brown's estimate—underestimated and/or ignored obvious covered damaged [sic] that a reasonable adjuster, acting in good faith, would not have ignored.

Doc. 22-1 at 1–2. Kimmel estimated the covered damage to be $49,808.47. Doc. 22-2 at 5. Attached to Kimmel's Declaration are 44 high-resolution color photographs showing significant damage on multiple slopes of the roof. Doc. 22-1 at 6–27.

## II.    Legal Standard

 "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual matter is limited to "documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute over such a fact is genuine if the evidence presents an issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Initially the moving party bears the burden of identifying evidence that no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the nonmovant bears the burden of proof at trial, the movant need only point to the absence of evidence supporting an essential element of the nonmovant's case; it does not have to support its motion with evidence negating the case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The nonmovant then can defeat the motion for summary judgment only by identifying specific evidence of a genuine issue of material fact, *Anderson*, 477 U.S. at 248-49.

## III. Discussion

In his Original Petition filed in Texas state court, Nasti asserted causes of action for (i) breach of contract; (ii) violations of the Prompt Payment of Claims Statute; (iii) violations of the Texas Insurance Code; and (iv) violations of the Deceptive Trade Practices Act (DTPA). Doc. 1-3 ¶¶ 13–23. The Court previously dismissed the latter two claims as to Defendant Johnson, since his actions were indistinguishable from State Farm's. Doc. 18 at 4.

State Farm argues the complaint fails to state a claim under Fed. R. Civ. Proc. 8, 9(b), and 12(c), because the claims are all "threadbare recitals of the elements of a cause of action." Doc. 21 at 6. In a previous case, this Court permitted a plaintiff an opportunity to amend identical breach of contract and prompt payment pleadings, filed by the same attorney representing another homeowner in The Woodlands affected by the same storm. *Dalton v. State*

*Farm Lloyd's, Inc.*, No. 4:12-cv-03004, 2013 WL 3157532 (S.D. Tex. June 19, 2013). Dalton

responded with a 10-page amended complaint. *Id.* Doc. 24. The Court then denied a Motion for

Summary Judgment as to the breach of contract claim as follows:

> Plaintiff's conclusory allegations of bad faith, outcome-oriented and unreasonable inspections, misrepresentations, etc. are not competent summary judgment evidence.
>
> Nevertheless, the affidavit and report of Plaintiff's expert Shannon Kimmel, an experienced adjuster who in the past had worked for State Farm as well as other insurers, plus his attached photographs, do raise genuine issues of material fact for trial.

*Id.* Doc. 74. Here, the Motion to Dismiss is consolidated with a Motion for Summary Judgment,

and no amended pleading has been filed. Nasti now requests leave to amend. In addressing the

consolidated motion, however, Nasti bears the burden of producing summary judgment evidence,

so the sufficiency of his pleadings is moot.

Nasti's three statutory bad-faith claims fail for lack of summary judgment evidence.

*Minnesota Life Ins. Co. v. Vasquez*, 192 S.W.3d 774, 775 (Tex. 2006) (extra-contractual claims

under the Insurance Code require evidence the insurer "knew its actions were false, deceptive or

unfair"); *Transp. Ins. Co. V. Moriel*, 879 S.W. 2d 10, 17 (Tex. 1994) (bad faith claims are subject

to the bona fide dispute rule, under which bad faith is not established where insured merely

claims insurer was incorrect about the "factual basis for its denial of a claim"); *Republic Ins. Co.

v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) (bad faith claims may arise where the insurer

commits acts "so extreme, that would cause injury independent of the policy claim"); *State Farm

Fire & Cas. Co. v. Simmons*, 963 S.W. 2d 42, 44 (Tex. 1998) (insured must show insurer

breached a duty of good faith and fair dealing when it (1) denied or delayed payment when

liability was reasonably clear, or (2) canceled a policy without a reasonable basis). Here, the

evidence submitted by Nasti in the form of Kimmel's report suggests only a factual dispute over covered damage under the contract.

Nasti's breach of contract claim is supported by sufficient summary judgment evidence in the form of Kimmel's report and photographs. Kimmel's report is arguably not consistent with the State Farm's reports. State Farm's reports, meanwhile, are not consistent with each other; one denies storm damage and another reports storm damage limited to one part of the roof. Doc. 21-3 at 2–3. Kimmel's photographs show damage throughout the roof, arguably caused by the storm. Doc. 22-1 at 6–27. State Farm fails to address Kimmel's contrary evidence of storm-caused damage in its Motion, except to state that Kimmel's monetary estimate includes "repairs to the roof and the plywood sheathing underneath the roof, which State Farm and its investigators do not correlate with the alleged storm at issue." Doc. 21 at 17. State Farm misleadingly states: "Plaintiff did not seek the depositions of any adjusters or experts and the discovery deadline passed." Doc. 21 at 11. Nasti obtained a declaration along with photographic evidence from Kimmel, an expert adjuster, indicating omissions and contradictions in State Farm's reports. Doc. 22-1. State Farm failed to timely file a Reply addressing this evidence. Rather, State Farm admits a bona fide dispute continues to exist concerning the scope of damage. Doc. 21 at 17.

State Farm correctly points out, under the concurrent causes doctrine adopted in Texas, Nasti bears the burden of segregating covered or storm-caused damage from not-covered damage. *Wallis v. United Services Auto. Ass'n*, 2 S.W.3d 300, 303 (Tex. App.—San Antonio 1999, pet. denied). In *Wallis*, the court reversed a jury verdict for the plaintiff where no evidence was produced on the relative amount of damage from covered versus non-covered perils. *Id.* ("Although a plaintiff is not required to establish the amount of his damages with mathematical precision, there must be some reasonable basis upon which the jury's finding rests. . . . The jury

heard no testimony regarding how much of the Wallises' damage was caused by the plumbing leaks."). In a similar case involving roof damage from a storm, a verdict was overturned where an adjuster expert admitted "hail, wear and tear, deterioration, inherent defect, rain, and the way the shingles were laid all contributed to the damage" to the claimant's roof, and "the jury was never given the opportunity to consider whether excluded perils caused a portion of the loss." *State Farm Lloyds v. Kaip*, 05-99-01363-CV, 2001 WL 670497, at *3 (Tex. App.—Dallas June 15, 2001, pet. denied); *cf. United Services Automobile Ass'n v. Lambert*, 1999 WL 695704 (Tex. App.—Austin 1999) (unpublished disposition) (allowing damages that the insured could not allocate between two causes of loss that were "so intertwined as to be indistinguishable by the plaintiff").

Here, Nasti has provided an expert declaration and photographs raising a genuine dispute as to the extent of covered versus non-covered damage. In contrast to State Farm's reports, Kimmel states his entire estimate is based on "covered damages resulting from wind and hail" to "all slopes of the roof." Doc. 221- at 1–2. *See Southland Lloyds Ins. Co. v. Cantu*, 399 S.W.3d 558, 576 (Tex. App.—San Antonio 2011, pet. denied) ("[U]nlike in *Wallis,* the jury here was not required to guess what percentage of the damage was caused by the hailstorm; instead, the jury was faced with a credibility question: the Cantus claimed all the damage itemized in Barton's report was due to hail, while Southland claimed some of the damage was caused by ordinary wear and tear."); *State Farm Fire & Cas. Co. v. Rodriguez*, 88 S.W.3d 313, 321-22 (Tex. App.—San Antonio 2002, pet. denied) ("[W]ith regard to the segregation of damages attributable to a covered cause, so long as the jury's finding is within the range of testimony presented, the jury's finding will be upheld. . . . In this case, the testimony regarding the percent of damage attributable to the plumbing leaks ranged from 0% to 100%."); *see also Fiess v. State Farm*

*Lloyds*, 392 F.3d 802, 808 (5th Cir. 2004) ("While the Fiesses have not presented overwhelming evidence that would allow a jury to flawlessly segregate covered mold contamination from non-covered mold contamination, the evidence they have presented constitutes a reasonable basis upon which a jury could reasonably allocate damages. . . . This is all that the doctrine of concurrent causation requires."); *Paulson v. Fire Ins. Exch.*, 393 S.W.2d 316, 319 (Tex. 1965) (concurrent causation doctrine requires only a "reasonable basis" for jury to apportion damage); *Travelers Indem. Co. v. McKillip*, 469 S.W.2d 160, 163 (Tex. 1971) (same). State Farm argues Nasti has failed to meet his burden on summary judgment to "parcel out" covered and not-covered damage. Doc. 21 at 15. Requiring such evidence of proportionate causation in terms of precise percentages for purposes of summary judgment, extending state appeals court rulings based on jury verdicts, would be premature and introduce needless complication.[1]

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment (Doc. 21) is **PARTIALLY GRANTED** as to the prompt payment and bad faith claims and **PARTIALLY DENIED** as to the breach of contract claim. Defendant's consolidated Motion to Dismiss (Doc. 21) is **DENIED** as **MOOT.**

SIGNED at Houston, Texas, this 9th day of January, 2015.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[1] *See* Mark M. Bell, *A Concurrent Mess and A Call for Clarity in First-Party Property Insurance Coverage Analysis*, 18 Conn. Ins. L.J. 73, 80-81 (2012) (concurrent causation doctrine "provides an incredibly complex method for analysis. Rare is the case when it is clear the precise percent of the loss attributable to a particular peril. For this reason, and others, courts are reluctant to adopt this approach").